UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANCE REBERGER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　　Respondents. | Case No. 3:13-cv-00071-MMD-VPC<br><br>ORDER |

　　　　This habeas matter comes before the Court: (a) on petitioner's application to proceed *in forma pauperis* (dkt. no. 1); (b) for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases; and (c) on multiple motions either submitted with the petition (dkt. nos. 1-3 and 1-4) or filed thereafter (dkt. nos. 3 through 6), which include a motion for appointment of counsel and which otherwise are described with more specificity *infra*. On the pauper application, the Court finds that petitioner is unable to pay the filing fee; and the application therefore will be granted. The Court thereupon turns first to the motion for appointment of counsel.

**I.　　MOTION FOR APPOINTMENT OF COUNSEL**

　　　　Petitioner Lance Reberger challenges his 1993 Nevada state conviction, pursuant to a jury verdict, of burglary, robbery with the use of a deadly weapon, and first-degree murder with the use of a deadly weapon.

　　　　Although the judgment of conviction was filed in 1993, it appears likely that the federal one-year limitation period did not begin running in his case until January 7,

2013. The one-year limitation period under 28 U.S.C. § 2244(d)(1) did not begin running in any habeas petitioner's case until after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), such that the limitation period would begin to run only after April 24, 1996. *See, e.g., Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). However, following the affirmance of the conviction on direct appeal, petitioner filed a timely state post-conviction petition on or about January 30, 1996. The timely state petition would statutorily toll the federal limitation period under 28 U.S.C. § 2244(d)(2). It thus does not appear that the federal limitation period began running in this case on the effective date of AEDPA on April 24, 1996. Proceedings on the state petition thereafter apparently were pending through the issuance of the remittitur on the state post-conviction appeal on January 7, 2013. It thus does not appear – subject to full argument on a full record if timeliness is challenged herein – that the federal limitation period began running in this case until after January 7, 2013, excluding for the present preliminary discussion any other possible tolling or delayed accrual.

It further appears that petitioner is subject to an extensive aggregate sentence under the sentencing structure in the judgment of conviction. It appears that petitioner was sentenced to: (a) six years on the burglary count; (b) ten years consecutive to ten years on the robbery with the use of a deadly weapon count and enhancement, to run consecutive to the burglary sentence, and (c) life with the possibility of parole consecutive to life with the possibility of parole on the first-degree murder with the use of a deadly weapon count and enhancement, to run consecutive to the sentences for robbery with the use of a deadly weapon. The Court does not have the benefit of the date of the offense at this juncture. However, it would appear likely that the minimum sentence on each sentence of life with the possibility of parole under N.R.S. 200.030 at the relevant time in this case, in which the prosecution was commenced in or around 1991, would have been ten years. Accordingly, it would appear on a preliminary review that Reberger possibly faces a combined twenty-six (26) years of term sentences subject to possible sentencing credit followed by a minimum twenty (20) years straight

time not subject to such credit before he would be eligible for a non-institutional parole outside of prison walls. Allowing for the 862 days credit for time served, he thus possibly faces approximately three-and-a-half decades of incarceration before the possibility of a non-institutional parole. He possibly faces perhaps approximately fifteen (15) or more years from this point before such a possibility of a non-institutional parole, depending upon his incarceration and parole history, along with lifetime supervision on parole thereafter. Petitioner currently is 46 years of age according to the state corrections department's website, such that he possibly could be in his sixties before the possibility of release on parole outside prison walls.

Against the backdrop of the foregoing strictly preliminary and non-definitive review, the Court finds that appointment of counsel is in the interests of justice given: (a) the lengthy sentence structure; (b) the potential complexity of the procedural and substantive issues following state criminal and post-conviction litigation spanning over two decades; and (c) the fact that substantial unexpired time appears to remain in the federal limitation period for appointed federal habeas counsel to be able to investigate, present, and pursue counseled claims without the prospect of the limitation period potentially foreclosing such claims.

Petitioner should pay heed to the following, however.

Federal habeas counsel is not being appointed to act as a mere scrivener to restate and reassert each and every allegation and claim presented by petitioner *pro se*. The Court is not appointing counsel to pursue claims or arguments that, in counsel's independent professional judgment, have no arguable merit in a federal habeas corpus proceeding.

Petitioner thus should not assume that the Court will automatically appoint replacement counsel in the event that petitioner and federal habeas counsel do not agree on what claims or arguments should be presented. Appointed counsel's task is to pursue claims that counsel, in his or her own independent professional judgment, believes that a court may find meritorious, not to present claims that petitioner, who is

not an attorney, believes to be meritorious. Counsel is under absolutely no obligation to "follow petitioner's instructions" as to what claims or arguments to present and how to present them. Accordingly, presenting the Court with an alleged conflict between federal habeas counsel and petitioner based upon a disagreement over how to pursue this case will not necessarily lead to an appointment of replacement counsel. Subject to the circumstances presented at the time, the Court potentially instead could find that the interests of justice no longer warrant the continued appointment of any counsel, based upon the premise that if petitioner has such an allegedly irreconcilable conflict with one competent attorney, the situation is not likely to be different with another competent attorney.[1] Counsel, again, is not being appointed to pursue claims that petitioner believes to be meritorious but, instead, is being appointed to pursue claims that, in counsel's independent professional judgment, have arguable merit. Competent federal habeas counsel very well may not pursue all of the claims, allegations and arguments in the current pleading.

Moreover, the Court will not entertain *pro se* filings from petitioner when he is represented by appointed counsel. Following the appointment of counsel, petitioner may pursue this matter and communicate with the Court only through filings by counsel. Repeated disregard of this admonition may result in the Court vacating the appointment of counsel, depending upon the circumstances presented at the time.

Subject to these observations, the motion for appointment of counsel will be granted.

**II.    REMAINING MOTIONS**

Petitioner's motion to approve filing (dkt. no. 1-3) will be granted only in part. The Court will grant the motion insofar as the Court will permit the filing of the *pro se* petition and will direct the Clerk to send petitioner a copy of the pleading. However, the Court's

---

[1] In contrast to the original state criminal proceedings, there is no Sixth Amendment right to counsel in a federal habeas proceeding. Counsel will be appointed only if and for so long as the Court finds that appointment of counsel is in the interests of justice.

action does not signify approval of the petition, which is deficient in numerous respects. The appointment of counsel with the subsequent filing of a counseled amended petition eliminates any occasion for the Court to tarry over the deficiencies in the original petition.

Petitioner's repetitive motions (dkt. nos. 3 and 5) for a writ of mandamus will be denied without prejudice. Petitioner requests that this Court issue a writ of mandamus to the state supreme court clerk directing the clerk to make a copy of all documents and exhibits relating to his co-defendant's case. If obtaining such materials is necessary and proper for this case, federal habeas counsel will obtain and possibly present the materials. The Court generally does not issue a writ of mandamus to a state court clerk to obtain materials for a federal habeas case, as pertinent state court record exhibits typically are filed through petitioner's and/or respondents' counsel. To the extent that petitioner seeks to have this Court exercise an essentially appellate jurisdiction over the state supreme court and issue an order directing the court or its clerk to provide relief that the court has not provided petitioner in direct proceedings in that court, the motion most assuredly is denied.

Petitioner's motion (dkt. no. 4) to raise his copy credit limit at the prison will be denied as moot. As the motion acknowledges, the appointment of counsel eliminates the need for the relief requested; and the Court is directing the Clerk to provide petitioner a copy of his petition in response to another motion.

Petitioner's motion to amend the petition *pro se* (dkt. no. 6), which did not present an amended petition, will be denied as moot following upon the appointment of counsel.

### III.  OTHER MATTERS

The State of Nevada will be dismissed as a respondent. Suit against the State in federal court is barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a state regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984).

The Court therefore will dismiss the State as a respondent and will direct the Clerk to add the state attorney general as a respondent as reflected by the petition form.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* (dkt. no. 1) is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

IT IS FURTHER ORDERED that the Clerk of Court shall file the petition.

IT IS FURTHER ORDERED that the Clerk shall file the motion to approve filing submitted with the petition, that the motion is GRANTED IN PART only to the extent that the Court has directed the filing of the petition and further directs the Clerk to send petitioner a copy of the petition, and that the Clerk shall reflect the partial grant of the motion by this order in the docket entry for the motion.

IT IS FURTHER ORDERED that petitioner's motions for a writ of mandamus (dkt. nos. 3 and 5) are DENIED without prejudice.

IT IS FURTHER ORDERED that petitioner's motion to raise his copy credit limit (dkt. no. 4) and his motion to amend the petition (dkt. no. 6) are DENIED as moot following upon the other action taken in this order.

IT IS FURTHER ORDERED that the State of Nevada is DISMISSED as a respondent herein and further that the Clerk shall reflect on the docket sheet that the Nevada Attorney General is a named respondent as reflected on the petition form.

IT IS FURTHER ORDERED that the Clerk shall file the motion for appointment of counsel submitted with the petition, that the motion is GRANTED as per the remaining provisions below, and that the Clerk shall reflect the grant of the motion by this order in the docket entry for the motion.  The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct

representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the procedural history discussed herein, for approximately one hundred eighty (180) days from entry of the formal order of appointment, but no later than January 7, 2014. Any such deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.

IT IS FURTHER ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner (along with a copy of the *pro se* petition as referenced above), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED THIS 14th day of May 2013.

                                    MIRANDA M. DU
                                    UNITED STATES DISTRICT JUDGE