# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

LANCE REBERGER,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No. 3:13-cv-00071-MMD-VPC

ORDER

**I.     SUMMARY**

This counseled habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss several grounds in petitioner Lance Reberger's second-amended petition (ECF No. 66). Reberger opposed (ECF No. 72), and respondents replied (ECF No. 93).

**II.    PROCEDURAL HISTORY AND BACKGROUND**

On January 22, 1993, a jury found Reberger guilty of count I: burglary; count II: robbery with use of a deadly weapon; and count III: first-degree murder with use of a deadly weapon (Exhs. 132-134).[1] Reberger was sentenced as follows: count I — six years; count II — ten years, with an additional ten-year enhancement for the use of a deadly weapon; count III — life with the possibility of parole with an additional life with the possibility of parole for the deadly weapon enhancement, all to run consecutively. (Exh. 149.) Judgment of conviction was filed on April 27, 1993. (*Id.*) The Nevada Supreme Court

---

[1]Exhibits referenced in this order are exhibits to petitioner's first-amended petition, ECF No. 16, and are found at ECF Nos. 18-40, 42, 47, 53-57.

dismissed Reberger's appeal on May 26, 1995, and remittitur issued on June 14, 1995. (Exhs. 169, 170.)

Reberger filed a state postconviction habeas petition on January 30, 1996. (Exh. 173.) The state district court appointed several attorneys for Reberger—who eventually moved to dismiss all of them and proceed *pro se*—conducted an evidentiary hearing, and ultimately denied the petition. (Exhs. 225, 227, 231, 233, 234, 236, 238, 240.) The Nevada Supreme Court affirmed the denial of the petition on December 12, 2012, and remittitur issued on January 7, 2013. (Exhs. 249, 250.)

Reberger dispatched his federal petition for mailing about February 14, 2013 (ECF No. 9). Respondents now move to dismiss certain claims in the second-amended petition on the grounds that the claims are unexhausted, procedurally barred and/or noncognizable in federal habeas corpus (ECF No. 66).

### III. DISCUSSION

#### A. Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) The applicant has exhausted the remedies available in the court so the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity

to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan*, 513 U.S. at 365; *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982.

///

3

### i. Grounds 4, 6B, and 8

Respondents argue that federal grounds 4, 6B, and 8 are unexhausted because Reberger raised the claims as state-law claims only on direct appeal (ECF No. 66 at 19, 21). In ground 4, he argues that his Fifth, Sixth, and Fourteenth Amendment due process and fair trial rights were violated when the trial court permitted a patently unreliable jailhouse informant to testify. (ECF No. 65 at 71.) He essentially raised this claim on direct appeal; however, respondents are correct that he raised it as a state-law issue only, citing *D'Agostino v. Nevada*, 823 P.3d 283 (1991). (Exh. 164 at 31.)

Reberger claims in ground 6B that his Fifth, Sixth, and Fourteenth Amendment due process and fair trial rights were violated when Harvey was allowed to testify without independent corroboration of her testimony. (ECF No. 65 at 78-81.). He raised this claim on direct appeal as a state-law claim. (Exh. 164 at 44-46.)

In ground 8, Reberger argues that his Fifth and Fourteenth Amendment due process rights were violated when the trial court refused to charge two proposed instructions on the theory of the defense. (ECF No. 65 at 82-83.). He raised this claim on direct appeal as a state-law issue only, citing *D'Agostino*, 823 P.3d 283. (Exh. 164 at 46-47.)

Reberger also raised the above claims as federal constitutional claims in his appeal of the denial of his first state postconviction petition. (Exh. 246 at 40-42, 52-54, 57-59.) The Nevada Supreme Court stated that these claims were barred by the doctrine of the law of the case because it had already held on direct appeal that the claims lacked merit. (Exh. 249 at 8, n.4.) Having reviewed the order, this Court concludes that the Nevada Supreme Court implicitly considered the federal claims in the appeal of the denial of the state postconviction petition. Accordingly, federal grounds 4, 6B and 8 are exhausted.

### ii. Ground 5

Ground 5 alleges that several instances of prosecutorial misconduct violated Reberger's Fifth, Sixth, and Fourteenth Amendment due process and fair trial rights.

Respondents argue that grounds 5B, 5C, and 5D are unexhausted. (ECF No. 66 at 19-20.) In ground 5B, Reberger contends that the prosecutor's misconduct in deliberately placing prejudicial information before the jury violated his Fifth, Sixth, and Fourteenth Amendment due process and fair trial rights. (ECF No. 65 at 73-74.) The prosecutor left autopsy photos face up on his table so that they were visible to the jury before they were admitted into evidence, despite the fact that the court agreed that that would be inappropriate. The prosecutor also elicited allegedly highly prejudicial testimony from a police officer that Reberger was the driver, not the passenger, during a traffic stop. (*Id.*) In ground 5C, Reberger asserts that the prosecutor improperly argued that it is not a defense to argue that the State did not prove its case beyond a reasonable doubt. (*Id.* at 74.) In ground 5D, Reberger argues that the prosecution deliberately withheld the original letters that Reberger wrote to Amber Harvey from prison, and then "miraculously" produced them at the beginning of the first trial. (*Id.* at 74-76.) During the second trial, the prosecution obtained logs from the prison that reflected how many letters Reberger mailed; these were never provided to the defense. (*Id.*)

On direct appeal, Reberger argued in what is now federal grounds 5B, 5C, and 5D that prosecutorial misconduct violated his fair trial rights, citing *Garner v. State*, 374 P.2d 525 (Nev. 1962), a case involving egregious prosecutorial misconduct. (Exh. 164 at 32-39.) *Garner* extensively discusses the right of all defendants to a fair trial and quotes *Berger v. United States*, 295 U.S. 78, 88 (1935) at length. This Court determines that in his direct appeal Reberger fairly apprised the Nevada Supreme Court of the federal constitutional claims in federal grounds 5B, C, and D. They are, therefore, exhausted.

### iii. Ground 6A

Reberger asserts that his Fifth, Sixth, and Fourteenth Amendment due process and fair trial rights were violated when the trial court allowed co-defendant Amber Harvey to testify because she was not competent to testify. (ECF No. 65 at 76-78.). Harvey testified that she was under the influence of heroin, "crank," marijuana, and alcohol at the time the crime was committed. At trial she stated that she was under the influence of

Thorazine, a powerful anti-psychotic drug. Harvey had mental illness, emotional and psychological issues, and cognitive defects. Reberger presented this claim on direct appeal and invoked *Riley v. State*, 567 P.2d 475 (Nev. 1977). (Exh. 164 at 49-51.) *Riley* clearly relies on federal constitutional provisions; accordingly, ground 6A is exhausted.

### iv. Ground 9

Reberger alleges several claims that his trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights. Respondents argue that grounds 9A, through D are unexhausted. (ECF No. 66 at 21-22.) In ground 9A, Reberger argues that trial counsel failed to call the jailhouse informant's girlfriend who would have testified that the informant provided false information. (ECF No. 65 at 84-85.) In ground 9B, Reberger contends that his defense counsel failed to investigate and call alibi witnesses who could have placed Reberger elsewhere at the time of the incident. (*Id.* at 85-86.) As ground 9C Reberger asserts that counsel was ineffective for waiving his speedy-trial rights because this was a situation in which the prosecution was able to build a stronger case long after the 60 days had expired. (*Id.* at 86-87.) In ground 9D, Reberger argues that defense counsel was ineffective for calling the State's handwriting expert, which led to the admission of incriminating evidence against Reberger. (*Id.* at 87-88.)

The Nevada Supreme Court considered all of these claims on the merits and denied them. Grounds 9A through D are exhausted.

### B. Procedural Default

28 U.S.C. § 2254(d) provides that this Court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court

regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id.*

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

**i.    Ground 1**

Reberger sets forth a claim pursuant to *Napue v. Illinois*, 360 U.S. 264, 269 (1959) and *Brady v. Maryland*, 373 U.S. 83 (1963). He argues that his Fifth, Sixth and Fourteenth Amendment due process and fair trial rights were violated when the State suppressed

exculpatory and material evidence that his co-defendant Amber Harvey had a deal to receive a reduced sentence in exchange for her testimony against Reberger. (ECF No. 65 at 21-64.) Reberger presented this claim to the Nevada Supreme Court in his appeal of the denial of his second state postconviction petition. (Exh. 375 at 34-64.)

Respondents point out that the Nevada Supreme Court held that this claim was procedurally defaulted pursuant to NRS § 34.726(1), NRS § 34.810(1)(b) and NRS § 34.810(3). (Exh. 380 at 3-5.) The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of these procedural bars form an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). However, here, in analyzing whether cause and prejudice existed to excuse the default, the state supreme court agreed with the state district court that Reberger demonstrated, under *Brady*, that the State withheld favorable evidence. (Exh. 380 at 3.) The Nevada Supreme Court also agreed with the state district court that the evidence was not material, thus concluding that Reberger could not show prejudice. Accordingly, the state supreme court's federal *Brady* analysis controlled the outcome of its state procedural default analysis. A state procedural rule constitutes an "independent" bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).

The Ninth Circuit Court of Appeals reasoned in *Cooper v. Neven*:

> In this case, the Nevada Supreme Court explicitly relied on its federal *Brady* analysis as controlling the outcome of its state procedural default analysis. It stated, "The second and third *Brady* components parallel the good cause and prejudice necessary to overcome the procedural bars; therefore, proving that the State withheld evidence generally establishes cause, and proving that the withheld evidence was material establishes prejudice." Unlike other cases, where discussion of the merits of a claim occurs simply to determine whether the claim could have been raised earlier, here the claim is itself the justification for the default. As the Nevada Supreme Court explained, in the context of *Brady* claims, the merits of the claim dovetail exactly with the cause-and-prejudice analysis. Thus, its decision did not rest on an independent and adequate state ground and does not bar federal habeas review.

///

*Cooper,* 641 F.3d 322, 332-333 (9th Cir. 2011). As in *Cooper*, the state supreme court's decision on Reberger's federal ground 1 did not rest on an independent and adequate state ground. Ground 1, therefore, is not procedurally barred from federal habeas review.

### ii. Ground 5A

Reberger argues that the prosecutor's misconduct in failing to disclose exculpatory evidence, namely, notes from another case in which the State described co-defendant Harvey as a "patently unreliable" witness. (ECF No. 65 at 72-73.) While respondents argue that this claim is procedurally defaulted; in fact, Reberger raised this claim on direct appeal. (Exhs. 164, 169.) It is not procedurally barred from federal review.

### iii. Grounds 9E through 9H

Reberger claims several instances of ineffective assistance of trial counsel: 9E — counsel failed to sufficiently challenge at trial the authorship of the letters that were seized when Reberger was in pretrial detention (ECF No. 65 at 88-90); ground 9F — counsel failed to challenge Detective Richard Perkins' testimony at the suppression hearing regarding probable cause for Reberger's arrest (*id.* at 90-92); ground 9G — counsel failed to challenge the search warrant (*id.* at 92); and ground 9H — counsel failed to object to jury instruction no. 16, which allowed the jury to draw an adverse inference from Reberger's silence at trial (*id.* at 92-93). This Court concludes that Reberger presented these claims to the Nevada Supreme Court in the appeal of the denial of his first state postconviction petition. (Exh. 246 at 64-79, 83-84.) Accordingly, they are not procedurally barred from federal review.

### iv. Ground 9I

Reberger contends that counsel was ineffective for failing to confront Harvey with her prior statements. (ECF No. 65 at 93-94.) Reberger first raised this claim to the Nevada Supreme Court in the appeal of the denial of his second state postconviction petition. (Exh. 375 at 42.) The Nevada Supreme Court held that this claim was procedurally defaulted pursuant to NRS § 34.726(1), NRS § 34.810(1)(b) and NRS §

///

34.810(3) because it was untimely, raised in a successive petition and was an abuse of the writ. (Exh. 380 at 1, 4-7.)

Reberger now argues that pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), he can demonstrate cause and prejudice to excuse the default (ECF No. 80 at 32-33). In *Martinez*, the Court explained:

> when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Martinez*, 566 U.S. at 14.

In January 1996, the state district court granted Reberger's motion for appointment of state postconviction counsel. (*See* Exhs. 175, 177.) In July 1996, Reberger filed a *pro se* motion to proceed with the postconviction litigation *pro se*. (Exh. 186.) On August 14, 1996, the state district court held a hearing and agreed that appointed counsel could function as stand-by counsel. (Exh. 189.) Next, on October 25, 1996, appointed counsel filed a motion to withdraw, explaining that Reberger had become hostile and offensive to the point that the attorney-client relationship was "grossly diminished." (Exh. 190.) Beginning about December 1996, the state district court appointed at least two other attorneys to represent Reberger, both of whom Reberger ultimately moved to dismiss. (Exhs. 195, 203, 205, 210, 213, 214.)

In short, Reberger's situation falls outside of *Martinez*. He was appointed counsel—several times, in fact—but elected to proceed *pro se*. Accordingly, he cannot now argue that the lack of state postconviction counsel provides cause under *Martinez*. Ground 9I, therefore, is dismissed as procedurally barred.

///

####### v. Ground 10

Reberger argues that his appellate counsel was ineffective: ground 10A — for failing to raise several claims on appeal as federal constitutional claims (ECF No. 65 at 94-95); ground 10B — for failing to raise several prosecutorial misconduct arguments: (1) Harvey had never seen the letters that were seized in Oregon, yet the prosecutor showed her the letters in preparation for her testimony; (2) the prosecutor deliberately elicited testimony that Reberger was in custody prior to trial; and (3) at trial the prosecutor showed a witness a photo from a lineup that was an illegal and inadmissible lineup because it was conducted after Reberger's right to counsel had attached and without Reberger's attorney present (*id.* at 95-96); and ground 10C — for failing to challenge jury instruction no. 16 (*id.* at 96-97).

Respondents argue that these claims are procedurally barred. (ECF No. 93 at 20-21.). Reberger contends that these claims were properly raised on direct appeal and in the first state postconviction, and therefore, they are exhausted and not procedurally defaulted. (ECF No. 80 at 31.) Despite petitioner's attempt to try to combine his claims on direct appeal with his claims in his first state postconviction petition, Reberger did not present any of the claims in ground 10 to the Nevada Supreme Court before presenting them in the appeal of the denial of the second state postconviction petition. (*See* Exhs. 164; 169; 246, 249; Exh. 335 at 42-44; Exh. 375 57-58.)

In its order affirming the denial of the second state postconviction petition, the Nevada Supreme Court held that these claims were procedurally defaulted pursuant to NRS § 34.726(1), NRS § 34.810(1)(b) and NRS § 34.810(3) because they were untimely, raised in a successive petition and constituted an abuse of the writ. (Exh. 380 at 5-7.) Reberger does not argue that he can meet his burden of demonstrating cause and prejudice to excuse the default, likely because such argument would be unavailing under the United States Supreme Court's recent decision in *Davila v. Davis*. 137 S.Ct. 2058, 2065 (June 26, 2017) (declining to expand the "narrow" *Martinez* exception to claims of

///

11

ineffective assistance of appellate counsel). Therefore, grounds 10A, 10B and 10C are procedurally barred from federal review.

### C. Fourth Amendment Claims and *Stone v. Powell*

Independent, substantive Fourth Amendment claims are generally barred from federal habeas review. In *Stone v. Powell*, the United States Supreme Court held that allegations of violations of a petitioner's Fourth Amendment rights are not cognizable in federal habeas corpus actions provided that the petitioner has a "full and fair" opportunity to litigate these claims in state court. *Stone*, 428 U.S. 465, 481 (1976); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). To be eligible for habeas relief on Fourth Amendment claims, a petitioner must demonstrate that the state court has not afforded him a full and fair hearing on those claims. *Stone*, 428 U.S. at 494 n.37.

#### i. Grounds 2 and 3

In ground 2, Reberger claims that the search and seizure of property in his vehicle and the seizure of letters he allegedly wrote violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights. (ECF No. 65 at 64-69.). Police arrested Reberger prior to obtaining an arrest warrant. Reberger claims that when he was in custody, but before he was served with the arrest warrant, police seized incriminating letters that he allegedly wrote. In ground 3, Reberger asserts that his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights were violated when the trial court failed to suppress letters he allegedly wrote that were seized while he was in pre-trial detention. (*Id.* at 69-70.)

These claims are barred from federal habeas review under *Stone*. While Reberger invokes several constitutional provisions, these claims all sound in the Fourth Amendment. A petitioner must merely be afforded the *opportunity* to litigate Fourth Amendment claims in state court. *See Gordon v. Duran*, 895 F.2d 610, 613-614 (9th Cir. 1990). Here, Reberger filed a counseled pretrial motion to suppress the evidence. (Exh. 68.) The state district court conducted an evidentiary hearing on the motion; the court ultimately suppressed Reberger's confession as well as any evidence directly derivative of the confession. (Exhs. 81, 93.) Reberger raised his Fourth Amendment arguments on

direct appeal. (Exh. 164.) In affirming the conviction, the Nevada Supreme Court concluded that probable cause, combined with exigent circumstances, existed to arrest Reberger. (Exh. 169.) Accordingly, grounds 2 and 3 are dismissed as noncognizable in federal habeas.

## IV. CONCLUSION

Finally, the Court notes that in many instances in the briefs on the motion to dismiss, the parties failed to include citations or pinpoint citations to the state-court record or relevant federal briefs. The parties must include such citations in the answer and reply.

It is therefore ordered that respondents' motion to dismiss (ECF No. 66) is granted in part and denied in part as follows: (1) Grounds 9I, 10A, 10B, and 10C are dismissed as procedurally barred; and (2) Grounds 2 and 3 are dismissed as noncognizable on federal habeas review.

It is further ordered that respondents will have sixty (60) days from the date this order is entered within which to file an answer to the remaining claims in the second-amended petition.

It is further ordered that petitioner will have forty-five (45) days following service of respondents' answer in which to file a reply.

It is further ordered that respondents motion for leave to file excess pages (ECF No. 92) is granted.

DATED THIS 23rd day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

13